UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 83-419 |
| VELMA R. FIELDS | SECTION: R |

**ORDER AND REASONS**

Velma Fields moves to expunge her criminal record.[1] For the following reasons, Fields's motion is DENIED.

**I. BACKGROUND**

Fields pled guilty to possessing the contents of stolen mail in violation 18 U.S.C. § 1708. Fields was sentenced to two years probation.[2] Fields has filed this motion to expunge her criminal record because it is hindering her educational and employment opportunities.

**II. DISCUSSION**

A defendant who seeks expungement requests "the judicial editing of history." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (quoting *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). District courts may expunge criminal records under statutory authority or its inherent authority. *Crowell*, 374

---

[1] R. Doc. 26.

[2] R. Doc. 1 at 3.

F.3d at 792.

Congress has granted courts statutory authority to expunge certain criminal violations. *See, e.g.*, 18 U.S.C. § 3607(c) (a person convicted for violating the Controlled Substances Act may apply for expungement if defendant was less than twenty-one years old at the time of the offense). Congress has not, however, provided for expungement of Fields's offense, 18 U.S.C. § 1708. Accordingly, there is no statutory authority for this Court to expunge her criminal conviction.

The Fifth Circuit has recognized that courts may expunge criminal records under their inherent authority in exceptional circumstances. *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir. 1997). However, there is a strong presumption against expungement, and "a party claiming expungement of executive branch records must make a showing of more than a mere burden." *Id.* at 697. The Fifth Circuit has made clear that a district court may not order the expungement of a valid conviction. *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986). *Scott* held that a "court is not empowered to [expunge a criminal record] . . . in which the validity of the original conviction is unquestioned." *Id.* Fields does not argue that her conviction was invalid, and as a result this Court is without power to expunge the conviction. *See United States v. Teshima-Jiminez*, No. CR.A. 97-87, 2001 WL 913833, at *1 (E.D. La. Aug.

14, 2001) ("A court may not order expungement of arrest records where a conviction was validly obtained." (citing *Scott*, 793 F.2d at 118)). While sympathetic to Fields's hardship, this Court is without power to grant her request. *United States v. Choi*, No. CRIM.A. 88-502, 1998 WL 788777, at *1 (E.D. La. Nov. 10, 1988) (denying a request for expungement where defendant "only claim[s] that his career is limited because of his criminal record"). Accordingly, Fields's motion is DENIED.

**III. CONCLUSION**

For the foregoing reasons, Fields's motion is DENIED.

New Orleans, Louisiana, this 5th day of April, 2013.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE